IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. FOREST SERVICE, et al., <br><br> Defendants. | CV 22-91-M-DLC-KLD <br><br> ORDER |

The Kootenai Tribe of Idaho ("the Tribe") has filed a motion for leave to intervene in the above-captioned case as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Fed. R. Civ. P. 24(b). The parties take no position on the Tribe's intervention, so long as the terms regarding the briefing schedule and brief lengths set forth in the Tribe's motion are incorporated into the current Case Management Order. (Doc. 17, at 2)

A litigant seeking to intervene under Fed. R. Civ. P. 24(a) bears the burden of establishing that the following criteria are satisfied: (1) the motion is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the

1

applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993); *DBSI/TRI IV Ltd. Partnership v. United States,* 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

All four criteria for intervention as of right are satisfied in this case. This case is in its earliest stages, and there is no indication that allowing the Tribe to intervene will prejudice the existing parties. The Tribe moved to intervene without delay, and its motion is thus timely. Plaintiffs Center for Biological Diversity, Alliance for the Wild Rockies, Yaak Valley Forest Council, WildEarth Guardians, and Native Ecosystems Council seek to permanently vacate or enjoin the

implementation of the Knotty Pine Project within the Kootenai National Forest's Three Rivers Range District in Lincoln County, Montana. As detailed in its supporting brief, the Tribe and its members have a significant protectable interest in defending the Project, which is located in its aboriginal territory, because they claim the Project is consistent with the Tribe's holistic and proactive approach towards land management within the Kootenai Territory and with the Tribe's mission to guard and keep the land forever. Finally, the Tribe has shown that the existing parties' representation of the Tribe's protectable interest may be inadequate because the existing parties do not share the sovereign interests of an Indian Tribe.

Because the Tribe satisfies the criteria for intervention as of right and no existing party argues otherwise,

IT IS ORDERED that the Tribe's motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a) is GRANTED.[1] The Clerk of Court is directed to add the Tribe as a Defendant-Intervenor, and the case caption shall be modified accordingly.

IT IS FURTHER ORDERED that the Case Management Plan (Doc. 12) is

---

[1] "A motion to intervene is a nondispositive motion which may be heard and determined by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A)." *United States v. Marsten Apartments, Inc.* 175 F.R.D. 265, 267 n. 1 (E.D. Mich. 1997). See also *Robert Ito Farm, Inc. v. City of Maui*, 2015 WL 134070, at *2 (D. Haw. Jan 9. 2015); *United States v. Brooks*, 163 F.R.D. 601 (D. Or. 1995).

amended as follows:

| | |
|---|---|
| Plaintiffs' motion for summary judgment and brief in support (limited to 10,000 words): | October 12, 2022 |
| Federal Defendants' combined cross-motion for summary judgment and response to Plaintiff's motion for summary judgment (limited to 10,000 words): | November 16, 2022 |
| Intervenor's combined cross-motion for Summary judgment and response to Plaintiffs' motion for summary judgment (limited to 8,000) words: | November 16, 2022 |
| Plaintiffs' combined response to Federal Defendants' and Intervenors' cross-motions for summary judgment and reply in support of their motion for summary judgment (limited to 10,000 words): | December 14, 2022 |
| Federal Defendants reply in support of their cross-motion for summary judgment (limited to 6,500 words): | January 19, 2023 |
| Intervenor's reply in support of its cross-Motion for summary judgment (limited to 3,250 words): | January 19, 2023. |

All other provisions of the Case Management Order shall remain in place.

    DATED this 31st day of August, 2022.

                                                                Kathleen L. DeSoto
                                                                United States Magistrate Judge