IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ALLIANCE FOR THE WILD ROCKIES, YAAK VALLEY FOREST COUNCIL, WILDEARTH GUARDIANS, and NATIVE ECOSYSTEMS COUNCIL,<br><br>                Plaintiffs,<br><br>  vs.<br><br>U.S. FOREST SERVICE; LEANNE MARTEN, Regional Forester of U.S. Forest Service Region 1; CHAD BENSON, Supervisor of the Kootenai National Forest; and U.S. FISH AND WILDLIFE SERVICE,<br><br>                Defendants,<br><br>  and<br><br>KOOTENAI TRIBE OF IDAHO,<br><br>                Intervenor-Defendant. | CV 22–91–M–DLC<br><br><br>ORDER |

      Before the Court is Plaintiffs' Motion to Supplement (Doc. 27) and Federal Defendants' Motion for Supplemental Briefing (Doc. 92). For the reasons stated herein, Plaintiffs' Motion to Supplement is DENIED and Federal Defendants' Motion for Supplemental Briefing is GRANTED.

1

## PROCEDURAL BACKGROUND

Plaintiffs Center for Biological Diversity, Alliance for the Wild Rockies, Yaak Valley Forest Council, Wildearth Guardians, and Native Ecosystems Council ("Plaintiffs") filed this action on May 17, 2022 against the U.S. Forest Service, Leanne Marten, and Chad Benson (collectively, "USFS"). (Doc. 1.) Plaintiffs' Amended Complaint, filed July 29, 2022, added the U.S. Fish & Wildlife Service ("FWS") as a defendant. (Doc. 14.) Plaintiffs' Amended Complaint alleges that Federal Defendants' approval of the Knotty Pine timber sale Project (the "Project") within the Kootenai National Forest violated the National Environmental Policy Act (NEPA), the National Forest Management Act (NFMA), the Administrative Procedure Act (APA), and the Endangered Species Act (ESA). (*Id.* at 4.)

The parties filed cross-motions for summary judgment which were referred to U.S. Magistrate Judge DeSoto. Plaintiffs focused their summary judgment briefing on four overarching claims: (1) the agencies' failure to analyze the effects on grizzly bears from known illegal roads violates NEPA, the NFMA, the ESA, and the APA, (Doc. 30 at 16–36); (2) the agencies must reinitiate ESA consultation on the Forest Plan because the amount of take has been exceeded, (*id.* at 37–40); (3) the Project appears to allow motorized use in core without any NEPA or ESA analysis, (*id.* at 41–48); and (4) the Forest Service fails to disclose the cumulative impacts in the Project EA, (*id.* at 48–52).

On March 20, 2023, Plaintiffs filed a motion for preliminary injunction. (Doc. 73.) The undersigned withdrew the referral to Judge DeSoto in light of the short timeline between the close of summary judgment briefing and the potential start date for on-the-ground project activities and set a hearing on the motion for preliminary injunction. (Doc. 75.)

On April 24, 2023, the Court issued its order granting Plaintiffs' Motion for Preliminary Injunction. (Doc. 89.) The Court found that the calculations of open motorized route density ("OMRD") and total motorized route density ("TMRD")—and whether those calculations should have accounted for illegal motorized use—were relevant to Federal Defendants' compliance with the ESA. (*Id.* at 20.) However, the Court could not determine whether FWS had considered illegal motorized routes in its calculations. (*Id.*) The Court also expressed concerns with the fact that FWS's explanation that illegal motorized access was temporary was contradicted by FWS's stated rationales and the evidence before the agency. (*Id.* at 24.) Accordingly, the Court found that Plaintiffs were likely to succeed on the merits as to their ESA claim challenging Federal Defendants' failure to adequately analyze the effects that illegal roads have on grizzly bears in the Knotty Pine Project area. (*Id.* at 11.) The Court also found that Plaintiffs had established a likelihood of irreparable injury absent injunctive relief, (*id.* at 31–39),

and that the balance of equities and the public interest weighed in favor of Plaintiffs, (*id.* at 39–41).

On November 13, 2023, the FWS transmitted an Amended Biological Opinion ("Amended BiOP") regarding the Knotty Pine Project to Chad Benson of the Kootenai Forest. (Doc. 91-1.) On December 26, 2023, Federal Defendants moved the Court for supplemental briefing to address the Amended BiOp and how it impacts the parties' arguments raised in their respective cross-motions for summary judgment. (Doc. 92.) Plaintiffs oppose the motion for supplemental briefing. (Doc. 97.) Intervenor Defendants do not oppose. (Doc. 94 at 7.)

## DISCUSSION

### I. Motion for Supplemental Briefing

Federal Defendants argue that "[t]o address the new information in the Amended BiOp, and in the interest of judicial economy . . . [the Court should] permit supplemental summary judgment briefing on the issue of illegal motorized access." (Doc. 94 at 2.) According to Federal Defendants, in an effort to address this Court's concerns regarding the Knotty Pine Project, USFS provided FWS with additional information concerning motorized access in the project area. (*Id.* at 3–4.) FWS also obtained updated data concerning the status of grizzly bears in the

area. (*Id.* at 4.) Using the additional information and updated data, on November 13, 2023, FWS issued the Amended BiOp. (*Id.*)

Plaintiffs urge the Court to deny the motion for supplemental briefing because Federal Defendants have not moved to supplement or amend the administrative record, (Doc. 97 at 7–8), and FWS cannot amend the Project BiOp without reinitiating formal consultation, (*id.* at 8–12). Plaintiffs also accuse Federal Defendants of effectively moving "to dismiss Plaintiffs' ESA illegal road claims as moot." (*Id.* at 12.) Federal Defendants counterargue that they are prepared to submit a new administrative record within one week of the Court's determination on the pending Motion for Supplemental Briefing and that the issue of whether Federal Defendants failed to properly consult is not currently before the Court. (Doc. 100 at 4–9.) Federal Defendants also assert that by allowing Plaintiffs to amend their Complaint for the limited purpose of identifying the Amended BiOp as the challenged action in Claim 5, the parties and the court would be able to avoid the mootness issue. (*Id.* at 9.) In a somewhat tangential argument, Plaintiffs also attack the Amended BiOP as being insufficient for the same reasons as the original BiOp. (Doc. 97 at 12–22.) By attempting to address

the merits of the case in the briefing on this motion, Plaintiffs have made it clear that supplemental briefing is not only appropriate but necessary.

"The issuance of a superseding BiOp moots issues . . . relating to the preceding BiOp." *Grand Canyon Tr. v. U.S. Bureau of Reclamation*, 691 F.3d 1008, 1017 (9th Cir. 2012). As such, the November 2023 Amended BiOp is now the controlling BiOp in the instant dispute. The Court finds that supplemental briefing as to the Amended BiOp would be beneficial to the Court's determination on the pending cross-motions for summary judgment. Accordingly, the Court grants Federal Defendants' Motion for Supplemental Briefing.

In addition to the pending Motion for Supplemental Briefing, Plaintiffs have moved the Court to supplement the administrative record with Forest Council's October 28, 2022 Road Survey and the Declaration of Anthony South. Because Federal Defendants will be filing a new administrative record in light of the issuance of the Amended BiOp, Plaintiffs' pending motion will be denied as moot.

## CONCLUSION

Accordingly, IT IS ORDERED that Federal Defendants' Motion for Supplemental Briefing (Doc. 92) is GRANTED. The parties shall submit a joint proposed briefing schedule, including a deadline for Plaintiffs to file a second amended complaint, on or before May 6, 2024.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Supplement (Doc. 27) is DENIED as moot.

DATED this 29th day of April, 2024.

_____
Dana L. Christensen, District Judge
United States District Court