TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

SEAN C. DUFFY (NY Bar No. 4103131)
Trial Attorney, Natural Resources Section
ERIKA FURLONG (PA Bar No. 319350)
Trial Attorney, Wildlife and Marine Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445 (Duffy)
Tel: (202)305-0540 (Furlong)
Fax: (202) 305-0506
sean.c.duffy@usdoj.gov
erika.furlong@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY**, *et al.*, | Case No. 9:22-cv-91-DLC-KLD |
| Plaintiffs, | **DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF (ECF No. 107)** |
| v. | |
| **U.S. FOREST SERVICE**, *et al.*, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants U.S. Forest Service, Leanne Marten in her official capacity as Regional Forester for Region One of the U.S. Forest Service, Chad Benson in his official capacity as Supervisor of the Kootenai National Forest, and the U.S. Fish & Wildlife Service ("FWS") provide the following Answer to the numbered allegations in Plaintiffs' Amended Complaint for Injunctive and Declaratory Relief, ECF No. 14 ("Complaint"). The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

## NOTICE

According to the Court's May 20, 2024 Order ("Court's Order"), Plaintiffs' were authorized to amend their Complaint until May 31, 2024, for the limited purpose of identifying the November 2023 Amended BiOp in Claim 5. ECF No. 106. Any additional amendments to the Complaint required leave of Court by that same deadline. *See id*. Plaintiffs did not move for leave of Court to include additional amendments. Yet Plaintiffs' Second Amended Complaint ("Amended Complaint") includes a number of additional amendments. *Compare* ECF No. 14, *with* ECF No. 107. In particular, Plaintiffs purport, for the first time, to challenge the Forest Plan Biological Opinion and Biological Assessment ("Forest Plan consultation documents") as part of Claim 5. *See* ECF No. 14 at 57-60. Given the express limits in the Court's Order and the fact that the Plaintiffs' requested relief

remains directed at the Project Biological Opinion, Defendants do not understand

this new language to add a substantive challenge to the merits of the Forest Plan

consultation documents. Such a challenge would be improper under both the

Court's Order and Federal Rule of Civil Procedure 15(a)(2). Thus, Defendants

object and reserve the right to challenge Plaintiffs' additional amendments and, in

particular, the additional language concerning the Forest Plan consultation

documents in Claim 5.

## "I.    INTRODUCTION"[1]

1.     Defendants admit the allegation in the first sentence.  The remaining

allegations are too vague and ambiguous to permit a response.  The

allegations characterize without attribution FWS's statements, which speak

for themselves and are the best evidence of their own contents.  To the

extent that a response is required, the allegations are denied.

2.     Defendants deny the allegation in the first sentence.  The allegations in the

second sentence characterize the Decision Notice and Finding of No

Significant Impact for the Knotty Pine Project ("Project"), which speak for

themselves and are the best evidence of their contents.  Defendants deny any

---

[1] The headings here correspond to the headings in the Complaint.  Defendants
include them to provide convenient reference to the Complaint and do not intend
them to form any substantive part of the Defendants' Answer.  To the extent the
Complaint headings make substantive allegations, Defendants deny the allegations.

allegations contrary to that document's plain language, meaning, and context.

3.    The allegations in this paragraph characterize several forest management projects on the Kootenai National Forest.  The decision notices approving those projects speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to those documents' plain language, meaning, and context.

4.    The allegations in this paragraph constitute Plaintiffs' characterization of the case and contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

5.    The allegations in this paragraph constitute Plaintiffs' characterization of their Complaint and the relief it requests to which no response is required. To the extent a response is required, Defendants deny the allegations.

## "II.    JURISDICTION"

6.    The allegations in the first sentence constitute Plaintiffs' characterization of their Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations.  The allegations in the second sentence constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants admit the allegation in the third sentence that

Plaintiffs provided Defendants with a letter on May 17, 2022. The remaining allegation in the third sentence constitutes Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegation.

7.      Defendants admit that Defendant Marten resides within the Missoula District of the United States District Court for the District of Montana. The remaining allegations in this paragraph constitute Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**"II.      PARTIES"**

8.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

9.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, fourth, and sixth sentences of this paragraph and therefore deny them. The allegations in the fifth sentence constitute Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendants specifically deny that any violation of law has occurred whatsoever.

10.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

11.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

12.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, and fifth sentences of this paragraph and therefore deny them.  The allegations in the fourth sentence constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Defendants specifically deny that any violation of law has occurred whatsoever.

13.     The allegations in the first sentence consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the second, third, and fourth sentences and therefore deny them.

14.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

15.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth, sixth, and eighth sentences of this paragraph and therefore deny them.  The allegations in the seventh sentence constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required,

Defendants deny the allegations.

16.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, and fifth sentences of this paragraph and therefore deny them.  The allegations in the fourth sentence constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

17.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, and third sentences of this paragraph and therefore deny them.  The allegations in the fourth sentence constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

18.   The allegations in this paragraph constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

19.   Defendants admit the allegations in this paragraph.

20.   Defendants admit the allegation that Leanne Marten is the Regional Forester for Region 1 but deny the remaining allegations in the first sentence.  The allegation in the second sentence constitutes Plaintiffs' characterization of

their Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegation.

21.   Defendants admit the allegations in the first and second sentences.  The allegation in the third sentence constitutes Plaintiffs' characterization of their Complaint to which no response is required.  To the extent a response is required, Defendants deny the allegations.

22.   Defendants admit the allegations in this paragraph.

### "IV.   LEGAL FRAMEWORK"

**"The Administrative Procedure Act"**

23.   The allegations in this paragraph characterize the National Environmental Policy Act ("NEPA"), the National Forest Management Act ("NFMA"), and the Administrative Procedure Act ("APA") which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation contrary to their plain language, meaning, and context.

24.   The allegations in this paragraph characterize the APA which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation contrary to its plain language, meaning, and context.

25.   The allegations in this paragraph quote from the Supreme Court's decision in *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983), which speaks for itself and is the best evidence of its contents.

Defendants deny any allegation contrary to its plain language, meaning, and context.

**"The National Environmental Policy Act"**

26.    The allegations in this paragraph characterize NEPA which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation contrary to its plain language, meaning, and context.

27.    The allegations in this paragraph purport to characterize NEPA implementing regulations promulgated by the Council on Environmental Quality ("CEQ"), which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation contrary to their plain language, meaning, and context.

28.    The allegations in this paragraph characterize CEQ's NEPA implementing regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation contrary to their plain language, meaning, and context.

29.    The allegations in the first sentence characterize CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation contrary to their plain language, meaning, and context.  The allegations in the second sentence characterize a CEQ document titled "Considering Cumulative Effects under the National

Environmental Policy Act" which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

30.    The allegations in this paragraph characterize CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning, and context.

31.    The allegations in this paragraph appear to characterize NEPA and / or CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning, and context.

32.    The allegations in this paragraph characterize CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning, and context.

33.    The allegations in this paragraph characterize CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation contrary to their plain language, meaning, and context.

    **"The National Forest Management Act"**:

34.    The allegations in this paragraph characterize NFMA which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation contrary to its plain language, meaning, and context.

35.    Defendants admit the allegation in the first sentence.  The allegations in the second and third sentences characterize the 2015 Kootenai National Forest Revised Land Management Plan ("2015 Forest Plan"), the 2015 Forest Plan's Grizzly Bear Access Amendment, and the 2011 Forest Plan Amendments for Motorized Access Management Within the Selkirk and Cabinet-Yaak Grizzly Bear Recovery Zones on the Kootenai, Idaho Panhandle, and Lolo National Forests ("2011 Access Amendment"), which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to those documents' plain language, meaning, and context.  Defendants aver that the 2015 Forest Plan superseded the 2011 Access Amendment.

36.    The allegations in this paragraph characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to the document's plain language, meaning, and context.

37.    The allegations in this paragraph characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents.  Defendants

deny any allegations contrary to the document's plain language, meaning, and context.

"**The Endangered Species Act**"

38.     The allegations in this paragraph characterize the Endangered Species Act ("ESA") which speaks for itself and is the best evidence of its contents. Defendants deny any allegation contrary to its plain language, meaning, and context.

39.     The allegations in this paragraph quote from the Supreme Court's decision in *Tennessee Valley Authority v. Hill*, 437 U.S. 153 (1978), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation contrary to the decision's plain language, meaning, and context.

40.     The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation contrary to its plain language, meaning, and context.

41.     The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation contrary to its plain language, meaning, and context.

42.     The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation contrary to its plain language, meaning, and context.

43.     The allegations in this paragraph characterize the ESA and its implementing
regulations, which speak for themselves and are the best evidence of their
contents.  Defendants deny any allegation contrary to their plain language,
meaning, and context.

44.     The allegations in this paragraph characterize the ESA and its implementing
regulations, which speak for themselves and are the best evidence of their
contents.  Defendants deny any allegation contrary to their plain language,
meaning, and context.

45.     The allegations in this paragraph characterize the ESA's implementing
regulations, which speak for themselves and are the best evidence of their
contents.  Defendants deny any allegation contrary to their plain language,
meaning, and context.

46.     The allegations in this paragraph characterize the ESA's implementing
regulations, which speak for themselves and are the best evidence of their
contents.  Defendants deny any allegation contrary to their plain language,
meaning, and context.

47.     The allegations in this paragraph characterize the ESA's implementing
regulations, which speak for themselves and are the best evidence of their
contents.  Defendants deny any allegation contrary to their plain language,
meaning, and context.

48.     The allegations in this paragraph characterize the ESA and its implementing

regulations, which speak for themselves and are the best evidence of their

contents.  Defendants deny any allegation contrary to their plain language,

meaning, and context.

49.     The allegations in this paragraph characterize the ESA and its implementing

regulations, which speak for themselves and are the best evidence of their

contents.  Defendants deny any allegation contrary to their plain language,

meaning, and context.

50.     The allegations in this paragraph characterize the Ninth Circuit's decisions

in *Defenders of Wildlife v. EPA,* 420 F.3d 946 (2005), and *Resources*

*Limited v. Robertson,* 35 F.3d 1300 (1994), which speak for themselves and

are the best evidence of their contents.  Defendants deny any allegation

contrary to their plain language, meaning, and context.

51.     The allegations in this paragraph characterize the ESA's implementing

regulations, which speak for themselves and are the best evidence of their

contents.  Defendants deny any allegation contrary to their plain language,

meaning, and context.

## "V.     FACTUAL ALLEGATIONS"

### "Procedural Background"

52.   Defendants admit the allegations in this paragraph and aver that informal public engagement on the Project began in 2019, an initial public interest letter was sent out on May 27, 2020, a scoping letter was issued on September 25, 2020, and a legal notice was published in the Missoulian on September 30, 2020, initiating a 30-day scoping period.

53.   Defendants admit that a draft environmental assessment ("EA") was posted online and a legal notice was published in the Missoulian on March 31, 2021.  Defendants deny the remaining allegations and aver that a draft Decision Notice, Finding of No Significant Impact, and updated EA were noticed in the Missoulian on October 6, 2021.

54.   Defendants admit the allegations in this paragraph and aver that following a review of objections, the final Decision Notice, Finding of No Significant Impact, and EA were released on March 24, 2022.

55.   Defendants admit the allegation that Plaintiff organizations submitted written comments and objections opposing the Project.  Defendants deny the remaining allegations in this paragraph.

56.   Defendants admit that the Forest Service initiated consultation with the FWS regarding the impacts of the Knotty Pine Project on grizzly bears, lynx, lynx critical habitat, and whitebark pine.  Defendants aver that the Forest Service did not initiate the FWS consultation for bull trout, bull trout critical habitat,

white sturgeon, and Spaldings campion because the Forest Service determined that the Knotty Pine Project would have no effect on them.  The remaining allegations in this paragraph constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

57.     The allegations in this paragraph characterize the April 27, 2021 Biological Assessment that the Forest Service submitted to the FWS ("Knotty Pine Biological Assessment"), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

58.     The allegations in this paragraph characterize the FWS's March 18, 2022 Biological Opinion on the Effects of the Knotty Pine Project on Grizzly Bears ("2022 Biological Opinion") and an accompanying letter, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to their plain language, meaning, and context.

59.     The allegations in this paragraph characterize Plaintiffs' First Amended Complaint, ECF No. 14, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

60.     The allegations in this paragraph characterize Plaintiffs' Motion for

Preliminary Injunction, ECF No. 73, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

61.  The allegations in this paragraph characterize the Court's April 24, 2023 Order, ECF No. 89, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

62. The allegations in this paragraph characterize the November 13, 2023 Amended Knotty Pine Biological Opinion ("2023 Amended Biological Opinion"), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

63. Defendants admit the allegations in paragraph 63.

64. The allegations in this paragraph quote the 2020 Biological Opinion on the Kootenai National Forest Land and Resource Management Plan for Grizzly Bears ("2020 KNF Biological Opinion"), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation contrary to its plain language, meaning, and context.

65. The allegations in this paragraph characterize the 2020 KNF Biological Opinion, which speaks for itself and is the best evidence of its contents.

Defendants deny any allegations contrary to its plain language, meaning, and context.

**"Cabinet-Yaak Grizzly Bears"**

66. Defendants deny the allegations and aver that the project area includes a portion of the Kootenai National Forest that extends beyond the Cabinet-Yaak Ecosystem Recovery Zone.

67. Defendants admit the allegation in this paragraph.

68. The allegations in this paragraph appear to characterize the 2023 Amended Biological Opinion, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

69. Defendants deny the allegation in the first sentence.  The second sentence characterizes the Knotty Pine Biological Assessment, which speaks for itself and is the best evidence of its content.  Defendants deny any allegations contrary to its plain language, meaning, and context.

70. The allegations in this paragraph characterize the Grizzly Bear Recovery Plan ("1993 Recovery Plan"), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

71. Defendants admit the allegation in the first sentence.  The second sentence

characterizes the 1993 Recovery Plan, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

72.    The allegations in this paragraph appear to characterize the Cabinet-Yaak Grizzly Bear Recovery Area 2021 Research and Monitoring Progress Report, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

73.    The allegations in this paragraph characterize the Cabinet-Yaak Grizzly Bear Recovery Area 2018-2020 Research and Monitoring Progress Reports, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain language, meaning, and context.

74.    The allegations in this paragraph characterize the Cabinet-Yaak Grizzly Bear Recovery Area 2020 Research and Monitoring Progress Report, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.  To the extent a response is required, Defendants deny the allegations in this paragraph.

75.    The allegations in this paragraph characterize the Cabinet-Yaak Grizzly Bear

Recovery Area 2021 Research and Monitoring Progress Report, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.  To the extent a response is required, Defendants deny the allegations in this paragraph.

76.  The allegations in this paragraph characterize the Cabinet-Yaak Grizzly Bear Recovery Area 2022 Research and Monitoring Progress Report, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.  To the extent a response is required, Defendants deny the allegations in this paragraph.

77.  Defendants deny the allegation in the first sentence.  The remaining allegations characterize the 1993 Recovery Plan, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

78.  The allegations in this paragraph characterize a study by Kendall *et al.*, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

79.  The allegations in this paragraph quote from, and characterize a study by Kendall, *et al.*, which speaks for itself and is the best evidence of its

contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

80. The allegations in this paragraph characterize a study by Kendall *et al.*, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

81. The allegations in this paragraph quote a study by Kendall *et al.*, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

82. Defendants deny the allegations and aver that Dr. David Mattson submitted comments on the separate Black Ram Project and not on the Knotty Pine Project.  The allegations in this paragraph quote from the comments submitted by Dr. Mattson in the separate Black Ram Project, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to the comments' plain language, meaning, and context.

83. The allegations in this paragraph quote from comments submitted by Dr. Mattson in the separate Black Ram Project, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to the comments' plain language, meaning, and context.

84. The allegations in this paragraph quote from comments submitted by Dr.

Mattson on the separate Black Ram Project, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

85. The allegations in this paragraph characterize a FWS 2021 Species Status Assessment for grizzly bears, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

86. The allegations in this paragraph characterize a study by Kendall *et al.*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

87. The allegations in this paragraph characterize a FWS 2021 Species Status Assessment for grizzly bears, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

"**The Impact of Roads on Grizzly Bears**"

88. The allegations in this paragraph characterize the 1993 Recovery Plan and the 1994 Interagency Grizzly Bear Committee Taskforce Report, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to the documents' plain language, meaning, and context. To the extent a response is required, Defendants deny the

allegations in this paragraph.

89.    The allegations in this paragraph characterize the 1993 Recovery Plan, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context. To the extent a response is required, Defendants deny the allegations in this paragraph.

90.    The allegations in this paragraph characterize the 1993 Recovery Plan, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context. To the extent a response is required, Defendants deny the allegations in this paragraph.

91.    The allegations in this paragraph characterize the 1993 Recovery Plan, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context. To the extent a response is required, Defendants deny the allegations in this paragraph.

92.    The allegations in this paragraph quote from and characterize the 1993 Recovery Plan, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

93.    The allegations in this paragraph quote from and characterize the 1993 Recovery Plan, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

94.    The allegations in this paragraph quote from and characterize the 1993 Recovery Plan, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

95.    The allegations in this paragraph quote from and characterize the 1993 Recovery Plan, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

96.    The allegations in this paragraph quote from and characterize a study by Schwartz, *et al.* (2010), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

97.    Defendants deny the allegation in the first sentence.  The allegations in the second sentence characterize a study by Wakkinen and Kasworm (1997), the 2020 KNF Biological Opinion, and the Knotty Pine Biological Opinion, which speak for themselves and are the best evidence of their contents.

Defendants deny any allegations contrary to the documents' plain language, meaning, and context.  To the extent a response is required, Defendants deny the allegations in this sentence.

98.   The allegations in this paragraph appear to characterize a study by Wakkinen and Kasworm (1997), the 2020 KNF Biological Opinion, and the Knotty Pine Biological Opinion, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to the documents' plain language, meaning, and context.  To the extent a response is required, Defendants deny the allegations in this paragraph.

99.   The allegations in this paragraph appear to characterize a study by Wakkinen and Kasworm (1997), the 2020 KNF Biological Opinion, the Knotty Pine Biological Opinion, the 2011 Access Amendment, and/or the 2015 Forest Plan, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to their plain language, meaning, and context.

"The Access Amendment"

100.   The allegations in this paragraph characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents.  Defendants

deny any allegations contrary to that document's plain language, meaning, and context.

101.   The allegations in this paragraph quote from and characterize the 2011 Biological Opinion on the 2011 Forest Plan Amendments for Motorized Access Management Within the Selkirk and Cabinet-Yaak Grizzly Bear Recovery Zones on the Kootenai, Idaho Panhandle, and Lolo National Forests ("2011 Access Amendment Biological Opinion"), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

102.   Defendants deny the allegations in this paragraph. The allegations in this paragraph also constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

103.   Defendants deny the allegations in this paragraph and aver that the 2015 Forest Plan incorporated management direction (*i.e.* design elements) from the 2011 Access Amendment.

104.   The allegations in this paragraph characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

105.   The allegations in this paragraph characterize the Forest Service's 2020 Bear Year Annual Monitoring Summary Report for the Selkirk/Cabinet-Yaak

Grizzly Bear Recovery Zones, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

106. The allegations in this paragraph characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

107. The allegations in this paragraph characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

108. The allegations in this paragraph quote from and characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

109. The allegations in this paragraph quote from and characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

110. The allegations in this paragraph quote from and characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language,

meaning, and context.

111.   The allegations in this paragraph characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

112.   The allegations in this paragraph characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

113.   The allegations in this paragraph characterize the 2020 Closure Monitoring Report, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

114.   The allegations in the first sentence characterize the 2014 Farm Bill, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context. Defendants admit the allegations in the second sentence and aver that the Good Neighbor Authority is designed for more than timber sales.

115.   Defendants deny the allegations in this paragraph.

116.   The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

117.  The allegations in this paragraph characterize the Biological Opinion for the 2004 Access Amendment, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.  Defendants aver that the 2004 motorized access management decision was withdrawn.

118.  The allegations purport to characterize the 2011 Access Amendment Biological Opinion, the 2013 Biological Opinion on the Revised Forest Plan for the Kootenai National Forest ("2013 KNF Biological Opinion"), and the 2020 KNF Biological Opinion, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to those documents' plain language, meaning, and context.

119.  Defendants deny that there was a 2013 Access Amendment Biological Opinion.  The remaining allegations in this paragraph characterize the 2013 KNF Biological Opinion, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.  Defendants aver that the 2020 KNF Biological Opinion contains requirements that supersede requirements from the 2013 KNF Biological Opinion.

120.  Defendants deny that there was a 2013 Access Amendment Biological Opinion.  The remaining allegations in this paragraph characterize the 2013

KNF Biological Opinion, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.  Defendants aver that the 2020 KNF Biological Opinion contains requirements that supersede requirements from the 2013 KNF Biological Opinion.

"**Knotty Pine Project Authorization**"

121.  Defendants admit the allegation in this paragraph.

122.  Defendants admit the allegation in this paragraph.

123.  Defendants admit the allegation in this paragraph.

124.  Defendants admit the allegation in this paragraph.

125.  Defendants admit the allegation in this paragraph.

126.  Defendants deny the allegation in this paragraph and aver that project activities will result in the removal of approximately 29 million board feet of saw timber.

127.  The allegations in this paragraph purport to characterize the EA and Decision Notice, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to their plain language, meaning, and context.

128.  The allegations in this paragraph characterize the Project record, which

speaks for itself and is the best evidence of its own contents.  Defendants

deny any allegations contrary to its plain language, meaning, and context.

129.  Defendants deny the allegation in this paragraph.

130.  The allegations in this paragraph characterize the Project record, which

speaks for itself and is the best evidence of its own contents.  Defendants

deny any allegations contrary to its plain language, meaning, and context.

131.  The allegations in this paragraph characterize the EA, which speaks for itself

and is the best evidence of its contents.  Defendants deny any allegations

contrary to its plain language, meaning, and context.

132.  The allegations in this paragraph characterize the EA and Decision Notice,

which speak for themselves and are the best evidence of their contents.

Defendants deny any allegations contrary to their plain language, meaning,

and context.

133.  The allegations in this paragraph characterize the Decision Notice, EA, or

other project documents, which speak for themselves and are the best

evidence of their contents.  Defendants deny any allegations contrary to their

plain language, meaning, and context.

134.  The allegations in this paragraph characterize the Decision Notice, which

speaks for itself and is the best evidence of its contents.  Defendants deny

any allegations contrary to its plain language, meaning, and context.

135.   The allegations in this paragraph characterize the Decision Notice, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

136.   Defendants deny the allegation in this paragraph.

137.   The allegations in this paragraph characterize a wildlife specialist report analyzing Canada lynx, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

138.   The allegations in this paragraph characterize the EA and a wildlife specialist report analyzing Canada lynx, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to their plain language, meaning, and context.

139.   Defendants deny the allegation in the first sentence.  Defendants deny the allegation in the second sentence and aver that roads opened within grizzly bear core habitat in connection with the Buckhorn Project are unavailable for public access and are gated for administrative use only.

140.   Defendants admit the allegation that the Buckhorn Project's harvest has been completed.  Defendants deny the allegation that prescribed burns are set to occur concurrently with the Knotty Pine Project and aver that non-harvest fuels burning for the Buckhorn Project may occur during the Knotty Pine

Project.

141.   Defendants deny the allegation that the North-East Yaak Project is proposed or ongoing and deny the allegation that it is both north and west of the Knotty Pine Project.  Defendants admit the allegation that the OLY Project is proposed or ongoing.  Defendants deny the allegation that any of the listed projects are (or were) "logging and roadbuilding projects."

**"Knotty Pine Project Roads"**

142.   The allegations in this paragraph characterize the Project record and the Knotty Pine Project Travel Analysis Review, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to their plain language, meaning, and context.

143.   The allegations in this paragraph characterize the Knotty Pine Project Travel Analysis and prior Travel Analysis Reports, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to their plain language, meaning, and context.

144.   The allegations in this paragraph characterize the Knotty Pine Project Travel Analysis and prior Travel Analysis Reports, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to their plain language, meaning, and context.

145.   The allegations in this paragraph characterize the Knotty Pine Project Travel

Analysis and a 2007 Travel Analysis Report, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to their plain language, meaning, and context.

146.   The allegations in this paragraph appear to characterize the EA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

147.   The allegations in this paragraph characterize the Decision Notice, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

148.   The allegations in this paragraph appear to characterize the Decision Notice, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

149.   The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

150.   The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

151.   The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations

contrary to its plain language, meaning, and context.

152. Defendants deny the allegations in this paragraph.

153. The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

154. Defendants deny the allegations in this paragraph.

155. The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

156. The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

157. The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

158. The allegations in this paragraph characterize the Project record, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

159. The allegations in this paragraph characterize the Project record, which speaks for itself and is the best evidence of its contents.  Defendants deny

any allegations contrary to its plain language, meaning, and context.

160. The allegations in this paragraph characterize the Project record, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

161. The allegations in this paragraph quote the EA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

162. The allegations in this paragraph quote the EA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

163. The allegations in this paragraph characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

164. The allegations in this paragraph appear to characterize the EA or Decision Notice, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain language, meaning, and context.

165. The allegations in this paragraph characterize the Project record, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

166. The allegations in this paragraph characterize the Knotty Pine Biological Opinion, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

167. The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context. Defendants aver that Plaintiffs altered the map included in this paragraph.

168. The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

169. The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context. Defendants aver that Plaintiffs altered the map that was included in this paragraph.

170. Defendants admit the allegations in this paragraph.

171. Defendants deny the allegations in this paragraph.

172. Defendants deny the allegations in this paragraph.

173. The allegations in this paragraph characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents. Defendants

deny any allegations contrary to its plain language, meaning, and context.

174.   Defendants deny the allegations in this paragraph.

175.   The allegations in this paragraph characterize the Project record, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

176.   The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

177.   Defendants deny the allegations in the first sentence.  The remaining allegations characterize the EA and the 2011 Access Amendment, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to their plain language, meaning, and context.

178.   The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, or context.

179.   The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, or context.

180.   The allegations in this paragraph characterize the EA and supporting documents, which speak for themselves and are the best evidence of their

contents.  Defendants deny any allegations contrary to their plain language, meaning, or context.

181.  The allegations in this paragraph quote from the EA, which speaks for itself and is the best evidence of their contents.  Defendants deny any allegations contrary to its plain language, meaning, or context.

182.  Defendants admit that the Yaak Valley Forest Council provided the Forest Service with a Road Barrier Survey in October 2020.  The remaining allegations are denied.

183.  Defendants deny the allegation in this paragraph.

184.  The allegations in this paragraph characterize the 2022 Biological Opinion, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, or context.

185.  The allegations in this paragraph characterize the 2023 Amended Biological Opinion, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

186.  Defendants deny the allegations in this paragraph. The allegations characterize the 2023 Amended Biological Opinion and the Biological Assessment, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to the documents' plain

language, meaning, and context.

187. Defendants deny the allegations in this paragraph.

188. The allegations in this paragraph quote the 2023 Amended Biological Opinion, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

189. The allegations in this paragraph purport to characterize the Knotty Pine Biological Opinion and Biological Assessment, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain language, meaning, and context.

190. The allegations in this paragraph appear to characterize the 2023 Amended Biological Opinion, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

191. Defendants deny the allegations in this paragraph.

192. Defendants admit that Plaintiffs provided a written May 17, 2022 letter.  The remaining allegations in this paragraph are legal conclusions or characterizations of the Plaintiffs' case to which no response is required.  To the extent a response is required, Defendants deny the allegations.

### "VI.  CLAIMS FOR RELIEF"

## "FIRST CLAIM FOR RELIEF"

*"The Knotty Pine EA violates NEPA because it fails to take a hard look at effects to grizzly bears"*

193.   Defendants hereby incorporate all preceding paragraphs.

194.   The allegation in this paragraph purports to characterize regulations promulgated by CEQ, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to their plain language, meaning, and context.

195.   The allegation in this paragraph characterizes the EA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

196.   The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

197.   The allegations in this paragraph characterize Project decision documents, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to their plain language, meaning, and context.

198.   The allegations in this paragraph characterize Project decision documents, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to their plain language, meaning,

and context.

199. The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

200. The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

201. The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

202. The allegations in this paragraph characterize the EA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

203. The allegations in this paragraph constitute Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

### "SECOND CLAIM FOR RELIEF"
*"The Knotty Pine EA violates NEPA, NFMA, and the APA because it fails to demonstrate Forest Plan Compliance"*

204. Defendants hereby incorporate all preceding paragraphs.

205.   The allegation in this paragraph purports to characterize NFMA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

206.   The allegation in the first sentence is vague and is denied on this basis.  The allegations in the second sentence constitute Plaintiffs' legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

207.   The allegations in this paragraph constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

208.   Defendants deny the allegations in this paragraph.

209.   The allegations in this paragraph constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

210.   Defendants deny the allegations in this paragraph.

211.   The allegations in this paragraph constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

212.   The allegations in this paragraph constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required,

Defendants deny the allegations.

## "THIRD CLAIM FOR RELIEF"

*"The Forest Service's refusal to prepare a full EIS for the Knotty Pine Project Violates NEPA and the APA."*

213.   Defendants hereby incorporate all preceding paragraphs.

214.   The allegations in this paragraph characterize NEPA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

215.   The allegations in this paragraph characterize NEPA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

216.   The allegations in this paragraph purport to characterize CEQ implementing regulations, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations contrary to their plain language, meaning, and context.

217.   Defendants deny the allegations in this paragraph.

218.   The allegations in this paragraph constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## "FOURTH CLAIM FOR RELIEF"

*"The USFS and FWS must reinitiate consultation on the Kootenai National Forest Plan"*

219.   Defendants hereby incorporate all preceding paragraphs.

220.   The allegations in this paragraph purport to characterize the 2020 KNF
Biological Opinion, its Incidental Take Statement, and the ESA, which
speak for themselves and are the best evidence of their own contents.
Defendants deny any allegations contrary to their plain language, meaning,
and context.

221.   The allegations in this paragraph purport to characterize the ESA and its
implementing regulations, which speak for themselves and are the best
evidence of their contents.  Defendants deny any allegations contrary to their
plain language, meaning, and context.

222.   Defendants admit that the Yaak Valley Forest Council provided the Forest
Service with a Road Barrier Survey in October 2020.  The remaining
allegations in this paragraph constitute legal conclusions to which no
response is required.  To the extent a response is required, Defendants deny
the allegations.

223.   Defendants deny the allegations in this paragraph.

224.   The allegations in this paragraph constitute Plaintiffs' legal conclusions to
which no response is required.  To the extent a response is required,
Defendants deny the allegations.

**"FIFTH CLAIM FOR RELIEF"**
*"The 2023 Knotty Pine Biological Opinion, Biological Assessment and the*

*Kootenai Forest Plan Biological Opinion and Biological Assessment are arbitrary and capricious*"[2]

225. Defendants hereby incorporate all preceding paragraphs.

226. The allegations in this paragraph characterize the 2023 Amended Biological Opinion, the Biological Assessment, and the Forest Plan Biological Opinion and Biological Assessment, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain language, meaning, and context. The remainder of the allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

227. The allegations in this paragraph purport to characterize the Project record, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

228. Defendants deny the allegations in this paragraph.

229. Defendants deny the allegations in this paragraph.

230. The allegations in this paragraph constitute Plaintiffs' legal conclusions to

---

[2] As described in the Notice, above, Defendants object to Plaintiffs' new references to the Forest Plan consultation documents in this heading and throughout their allegations in Claim 5. These additional amendments exceed the limited amendment that the Court's Order authorized. To the extent that Plaintiffs intend to now substantively challenge the Forest Plan consultation documents, such an amendment required leave of Court pursuant to the Court's Order and Federal Rule of Civil Procedure 15(a)(2), which was not sought.

which no response is required.  To the extent a response is required,

Defendants deny the allegations.

231.   Defendants deny the allegations in the first sentence of this paragraph.  The

second sentence constitutes a legal conclusion to which no response is

required.  To the extent a response is required, Defendants deny the

allegations.

232.   Defendants deny the allegations in this paragraph.

233.   The allegations in this paragraph constitute Plaintiffs' legal conclusions to

which no response is required.  To the extent a response is required,

Defendants deny the allegations.

234.   The allegations in this paragraph constitute Plaintiffs' legal conclusions to

which no response is required.  To the extent a response is required,

Defendants deny the allegations.

235.   The allegations in this paragraph constitute Plaintiffs' legal conclusions to

which no response is required.  To the extent a response is required,

Defendants deny the allegations.

236.   Defendants deny the allegations in the first sentence.  The allegations in the

second sentence constitute Plaintiffs' legal conclusions to which no response

is required.  To the extent a response is required, Defendants deny the

allegations.

237.  . The allegations in this paragraph also constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

238.  The allegations in this paragraph constitute Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**"SIXTH CLAIM FOR RELIEF"**
*"The USFS and FWS must reinitiate consultation on the Access Amendment."*

239.  Defendants hereby incorporate all preceding paragraphs.

240.  The allegations in this paragraph purport to characterize the FWS' 2011 Access Amendment Biological Opinion, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations contrary to its plain language, meaning, and context.

241.  The allegations in this paragraph purport to characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning and context.

242.  The allegations in this paragraph purport to characterize the 2011 Access Amendment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain language, meaning, and context.

243.   Defendants deny the allegations in this paragraph.

244.   Defendants deny the allegations in this paragraph.

245.   The allegations in this paragraph constitute Plaintiffs' legal conclusions to
which no response is required.  To the extent a response is required,
Defendants deny the allegations.

## RESPONSE TO PRAYER FOR RELIEF

The allegations set forth in paragraphs (A) through (D) under the heading
"RELIEF REQUESTED" constitute Plaintiffs' characterization of their requested
relief to which no response is required.  To the extent a response is required,
Defendants deny that Plaintiffs are entitled to the relief sought or any relief
whatsoever.

## GENERAL DENIAL

Defendants hereby deny each and every allegation in the Complaint that is
not expressly admitted, qualified, or denied herein.

## AFFIRMATIVE DEFENSES

Without limiting or waiving any defenses available to it, Defendants hereby
assert:

A.     To the extent that Plaintiffs have failed to state a claim on which relief can
be granted, any such claim should be dismissed.

B.     Defendants reserve the right to assert any other claims or defenses as may be

available, or may become available during the course of these proceedings.


Dated:  June 13, 2024                    TODD KIM
                                         Assistant Attorney General
                                         United States Department of Justice

                                         */s/ Erika Furlong*
                                         ERIKA A. FURLONG (PA Bar No.
                                         319350)
                                         Wildlife & Marine Resources Section
                                         SEAN C. DUFFY (NY Bar No. 4103131)
                                         Natural Resources Section
                                         Trial Attorneys
                                         Ben Franklin Station, P.O. Box 7611
                                         Washington, DC 20044-7611
                                         (202) 305-0445 (Duffy)
                                         (202) 305-0424 (Furlong)
                                         sean.c.duffy@usdoj.gov
                                         erika.furlong@usdoj.gov

                                         JESSE LASLOVICH
                                         United States Attorney

                                         *Attorneys for Federal Defendants*